IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00574-WDM-MJW

JAMES A. TAYLOR,

    Plaintiff,

v.

JOE ORTIZ, CDOC, Current Executive Director,
MR. SUTTON, CDOC, Former Executive Director,
JOHN DOE, CDOC, Former Executive Director,
AL ESTEP, LCF Current Superintendent/Warden,
GARY WATKINS, LCF Former Superintendent,
MR. SOARES, LCF Former Superintendent,
JOSEPH MC GARRY, CDOC Chief Medical Officer,
BARRY PARDUS, CDOC Director of Medical Services,
DON LAWSON, CDOC Chief Pharmacy Officer,
JOHN H. BLOOR, M.D., Ph.D CDOC Hepatology Director,
JOHN DOE, LCF Current Clinic Team Leader,
MR. PETROZZI, LCF Former Clinic Team Leader,
ANITA BLOOR, M.D., LCF Primary Care Provider,
JOHN DOE, Colorado Access Medical Officer,
JOHN DOE, Access Correctional Care, Chf. Med. Officer,
RODERIC GOTTULA, CDOC Consultant Specialist, and
TONY DE CESARO, CDOC Step III Grievance Officer,

    Defendants.

---

## RECOMMENDATION ON
## DEFENDANT RODERIC GOTTULA'S MOTION TO DISMISS (Docket No. 39)
### (converted to a motion for summary judgment)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

    This case is before this court pursuant to an Order of Reference to Magistrate

Judge issued by District Judge Walker D. Miller on May 26, 2005 (Docket No. 15).

**PLAINTIFF'S ALLEGATIONS:**

On March 23, 2005, the court received the pro se plaintiff's Prisoner Complaint (Docket No. 2) and the Plaintiff's Motion for Preliminary Injunction (Docket No. 3), both of which are dated March 17, 2005, but the Certificate of Service attached to the Complaint states that it was mailed on March 22, 2005 (the Certificate attached to the motion is incomplete with regard to the date).

In the lengthy Prisoner Complaint, which is not a model of clarity, plaintiff raises the following three claims:  (1) a violation of the Eighth Amendment for failure to provide medical treatment for the plaintiff's Hepatitis C; (2) a violation of the Fourteenth Amendment due to the defendants denying treatment for the plaintiff's Hepatitis C based upon the plaintiff's age, which deprived him of his constitutional right to due process of law and equal protection; and (3) a violation of the Fourteenth Amendment due to the defendants denying treatment of the plaintiff's Hepatitis C based upon the defendants' construction and implementation of treatment protocol which is vague and arbitrary.

More specifically, plaintiff's allegations in his pleading include the following.  He was diagnosed as having Hepatitis C in 1997, and he has continuously experienced the debilitating physical and mental effects of Hepatitis C in its active phase.  When he was informed of the diagnosis, he asked if there was any treatment available and if so, that he be given it.  "The Defendants answered that yes, there was a treatment which included a liver biopsy.  However, Defendants told Plaintiff that because of his age (66 at the time), that there was no need for treating him, because he would most likely die

of a heart attack or some other cause; that the hepatitis C would not cause him any major harm." (Compl. At 4-4a).

Plaintiff's symptoms (itching, fatigue, and edema) continued, and he was told to get more rest, and he was given different oral medications for the itching. In 1999-2000, his symptoms continued, and then in the latter part of 2002, they began to increase, and he also had more fluid retention in his lower legs, ankles, and feet, swelling in his upper stomach area accompanied by a deep-seated tenderness or pain, and his urine changed color and had a foul odor. (Compl. At 5a.). Plaintiff continued to inquire about treatment, but each time defendants responded that it would do no good and that he was too old.

Blood samples were taken twice a year to monitor the Hepatitis C, and plaintiff was told the results would be used in order to help defendants study and track the disease. Usually when the blood draws were done, plaintiff would ask about whether he should be given treatment, and each time the response was that he did not need treatment because of his age.

Defendants subsequently passed out copies of their April 2003 Hepatitis C Treatment Protocol, at which time plaintiff saw that the symptoms he had been experiencing exactly matched what was set forth in the Protocol and that his symptoms designated him as being in the "highest risk" category for developing fatal liver cancer or end-stage liver disease. Plaintiff thus again asked defendants for treatment, but this time he was told he was "too old" to be given any of the treatment. Plaintiff contends that the Protocol is vague and arbitrary with regard to how it is written regarding

references to age.

Plaintiff believes the defendants must have known from the beginning (1997-98) that he was in the high-risk category. Upon his first review of his medical file on December 28, 2004, he saw for the first time that he was diagnosed with cirrhosis of the liver as far back as September 11, 2001.

Plaintiff seeks the following relief: immediate medical treatment for his Hepatitis C, $250,000 in compensatory damages, and $500,000 in punitive damages. (Compl. At 9, Request for Relief).

**PENDING MOTION**

Now before the court for report and recommendation is Defendant Roderic Gottula's Motion to Dismiss (Docket No. 39), which was converted by this court to a motion for summary judgment. (Docket No. 55). In that motion, defendant Gottula also joins in the Motion to Dismiss From Defendants Joseph Ortiz, Barry Pardus, Chris Petrozzi, Don Lawson, Al Estep, Anita Bloor, Gary Watkins, John Suthers, John Bloor and Joseph McGarry (Docket No. 29). In a Recommendation issued on March 1, 2006 (Docket No. 60), this court recommended that Docket No. 29 be granted in part and denied in part. More specifically, it was recommended that the motion be granted to the extent that the court dismiss with prejudice all of the plaintiff's claims that are based upon actions that allegedly occurred before March 22, 2003. In addition, it was further recommended that in all other respects the motion be denied without prejudice.

In a document filed on February 22, 2006 (Docket No. 56), plaintiff claimed he never received a copy of defendant Gottula's motion, so this court had a copy sent to

the plaintiff and gave him until March 13, 2006, to file a Response. (See Docket No. 57). Plaintiff has since filed a Response to the Motion (Docket No. 61).

The court now being fully informed makes the following findings, conclusions, and recommendation.

Rule 56(c) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Board of County Comm'rs of the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. . . . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003).

"Summary judgment is also appropriate when the court concludes that no

6

reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Id. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)).  "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Southway, 149 F. Supp.2d at 1274.  "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273.

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant."  Id.

7

Defendant Gottula asserts that the plaintiff's Complaint fails to state a claim upon which relief can be granted against Gottula because the plaintiff's claims are barred by the applicable two-year statute of limitations. In addition, Gottula asserts that the plaintiff's claims against him fail as a matter of law because Gottula had no personal involvement in any of the events forming the basis of the Complaint. Finally, Gottula asserts that he is entitled to qualified immunity.

In his motion and affidavit, Gottula asserts the following, among other things. The supporting facts for the plaintiff's Complaint begin in 1997, but Gottula stopped performing services, and has not done any work, for the Colorado Department of Corrections ("CDOC") since June 30, 1995. Therefore, he was not personally involved in the events at issue concerning the plaintiff. In addition, he states that he had no decision-making authority over the CDOC's Hepatitis C Protocol, nor was he ever responsible for its implementation. Furthermore, he has had no role in the day-to-day operation of the CDOC's provision of health services, nor has he provided or overseen the actual care provided to individual inmates, including the plaintiff, since 1995.

Although plaintiff avers in his Prisoner Complaint that he was diagnosed with Hepatitis C in 1997, for the first time in his Response to Gotulla's motion he now claims that

> [i]t was one of the LCF's Physician's Assistants ('PA') in 1996 that initially told the Plaintiff that his routine blood tests showed that chemical 'markers' (for example, ALT and AST levels) were such that, along with the symptomology Plaintiff was having, that he had hepatitis C. It was then later in 1997 that this was confirmed by further testing.
>
> However, it is the Plaintiff's claim that in fact his blood-testing done

8

> prior to this time, during the immediate years prior to 1996, that the same elevation of his hepatitis C markers were present. It is the Plaintiff's claim that the CDOC Protocol in effect at that time, should reasonably have set forth that those with said markers indicating the probability of the presence of hepatitis C, should reasonably have been notified of such and action taken to provide treatment for the disease.
>
> As Chief Medical Officer during that time, Defendant Gottula should resonbly [sic] have taken steps to insure that those such as the Plaintiff, did in fact receive such notification and treatment. Moreover, it is the claim of the Plaintiff that any failure of the health care provider at the individual facility level to have implemented the Protocol at that time, is attributable to Defendant Gottula's failure to properly train and/or take reasonable steps to confirm that the facility-level health care providers were properly trained to implement the Protocol.
>
> It is the claim of the Plaintiff that Defendant Gottula's failure to take such reasonable steps, (as set forth in the statutes), caused injury to the Plaintiff, violating his Eighth Amendment, and Fourteenth Amendment Constitutional rights guaranteeing protection against Cruel and Unusual Punishment and Equal Protection Under the Law.
>
> If it had not been for the P.A. in 1996, who for whatever reason decided to act upon the information contained in the Plaintiff's medical file related to blood-testing, the Plaintiff would not have found out when he did about his being infected with the hepatitis C virus. It is the claim of the Plaintiff that because of Defendant Gottula's failure, Plaintiff was effectively prevented from having or obtaining the awareness and/or knowledge necessary to have sought treatment during the years in question. Furthermore, that because of this prevention of Plaintiff's obtaining of said knowledge, under the accrual criteria, the Plaintiff's case may be actionable back at least to 1994 or 1995, during which time Defendant Gottula was CDOC Chief Medical Officer.
>
> Therefore, despite the information and affidavit of the Defendant, the Plaintiff claims that he is nonetheless liable for his failures and violations of Plaintiff's Constitutional rights. . . .

(Docket No. 61 at 4-5). In addition, plaintiff asserts in his Response that

> [i]n the Akers v. Ortiz, Civil Action No. 01-N-2513 (PAC), case, CDOC had a "Protocol" in use at that time when Defendant Gottula was Chief Medical

>Officer for CDOC: i.e., from 1991 through June of 1995. Said Protocol
>dealt with treatment of hepatitis C inmate-patients. It is the Plaintiff's
>claim that as the CDOC Chief Medical Officer, Defendant Gottula would
>reasonably have had a direct involvment [sic] in constructing such a
>Protocol and, in its implementation. This presumably is a part of his
>function according to statute.

(Docket No. 61 at 3-4). Plaintiff, however, did not make these averments or claims in his Prisoner Complaint, nor has he moved to amend his pleading. Nevertheless, even if his Prisoner Complaint included such allegations, this court would recommend that Gotulla's motion be granted.

This court previously recommended that the court dismiss with prejudice all of the plaintiff's claims that are based upon actions that allegedly occurred before March 22, 2003 (two years before the date plaintiff mailed the Complaint).[1] As stated in this court's previous Recommendation on the other dispositive motions (Docket No. 60), "[s]tate statues of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims . . . ." Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999). Claims asserted under § 1983 are governed by Colorado's two-year statute of limitations for personal injury actions. § 13-80-102, C.R.S.; Workman v. Jordan, 32 F.3d 475, 482 (10th Cir. 1994); Merrigan v. Affiliated Bankshares of Colo., Inc., 775 F. Supp. 1408, 1411-12 (D. Colo. 1991). Federal law, rather than state law, however, determines when a claim accrues. "The statute of limitations begins to run when the plaintiff knows or has reason to know of the

---

[1]Under the prison "mailbox rule," a prisoner's Complaint should be deemed "filed" at the moment of its delivery to prison authorities for forwarding to the District Court. See Houston v. Lack, 487 U.S. 266 (1988).

existence and cause of injury which is the basis of his action. . . .  A Plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence."  Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 969 (10th Cir. 1994).

In this case, as stated in the previous Recommendation (Docket No. 60), this court finds that some of plaintiff's claims, namely, those based on events occurring before March 22, 2003, are barred by the statute of limitations.  In his Prisoner Complaint plaintiff alleges that he was diagnosed with Hepatitis C in 1997.  He also claims that the defendants did not treat his Hepatitis C, that he continuously experienced the debilitating physical and metal effects of Hepatitis C in its active phase, and that he repeatedly asked for treatment, which was repeatedly denied, albeit for allegedly slightly different reasons related to his age as time passed.  Nevertheless, he did not file an action until March 22, 2005.  Although plaintiff argues that he did not know the extent of his illness until he read the defendant's Protocol in April 2003, "[a] plaintiff need not know the full extent of his injuries before the statute of limitations begins to run."  Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d at 969.

Based upon the above finding and defendant Gottula's undisputed claim that he stopped performing services, and has not done any work, for the CDOC since June 30, 1995, it is

**RECOMMENDED** that Defendant Roderic Gottula's Motion to Dismiss (Docket No. 39), which was converted by this court to a motion for summary judgment (Docket

No. 55), be granted.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: March 10, 2006          s/Michael J. Watanabe
       Denver, Colorado        Michael J. Watanabe
                               United States Magistrate Judge