IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00574-WDM-MJW

JAMES A. TAYLOR,

    Plaintiff,

v.

JOE ORTIZ, et al.,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

    This matter is before me on the recommendation of Magistrate Judge Michael J. Watanabe, issued March 10, 2006, that Defendant Roderic Gottula's ("Gottula") motion to dismiss, which was converted to motion for summary judgment, be granted. Plaintiff James A. Taylor ("Taylor") failed to file an objection to this recommendation and therefore is not entitled to *de novo* review. 28 U.S.C. § 636(b).

    Having reviewed the pertinent portions of the record in this case, including the recommendation, the motion and response, and the Verified Complaint, I agree with Magistrate Judge Watanabe that the summary judgment motion should be granted, albeit on alternate grounds.

    As Magistrate Judge Watanabe explains, not long before issuing this recommendation, he issued another recommendation that many of Taylor's claims against other defendants should be dismissed based on statute of limitations grounds.

Similarly, the recommendation that is the subject of this order is also based on the statute of limitations. However, I will not address the statute of limitations issue at this time because I recently granted Taylor an extension of time to respond to Magistrate Judge Watanabe's first recommendation. Nonetheless, I conclude that Gottula's motion to dismiss (converted to a motion for summary judgment) should be granted on an alternate ground — that Taylor has failed to come forward with sufficient evidence of either personal involvement or deliberate indifference by Gottula.

Taylor does not claim that Gottula was ever personally involved in the events giving rise to his claim. *See Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") Instead, generously construed, Taylor appears to argue supervisor liability. (*See* Pl.'s Resp. at 4) ("As Chief Medical Officer during that time, Defendant Gottula should reasonably have taken steps to insure that those such as the Plaintiff, did in fact receive such notification and treatment.") In order to prove supervisor liability, Taylor must show more than mere negligence, he must show deliberate indifference. *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997). Taylor, however, never alleges that Gottula was deliberately indifferent, nor has he produced any evidence that could support such a finding. *See id.* Therefore, Gottula's motion for summary judgment will be granted.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Watanabe, issued March 10, 2006 (Docket No. 63), is accepted as modified herein.

2. Defendant Roderic Gottula's motion to dismiss, filed July 11, 2005 (Docket No. 39), which was converted to a motion for summary judgment, is granted.

3. Plaintiff's claims against Defendant Gottula only are dismissed.

4. This case remains pending on all of Plaintiff's other claims.

DATED at Denver, Colorado, on March 31, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge