IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00574-WDM-MJW

JAMES A. TAYLOR,

    Plaintiff,

v.

JOE ORTIZ, et al.,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Michael J. Watanabe, issued March 1, 2006, regarding three motions pending in this case: (1) Plaintiff James A. Taylor's ("Taylor") motion for preliminary injunction, filed March 29, 2005; (2) Defendant Tony DeCesaro's motion for summary judgment or in the alternative motion to dismiss, filed May 25, 2005; and (3) motion to dismiss from defendants Joseph Ortiz, Barry Pardus, Chris Petrozzi, Don Lawson, Al Estep, Anita Bloor, Gary Watkins, John Suthers, John Blood, and Joseph McGarry (collectively the Ortiz Group), filed June 27, 2005.  Taylor and the Ortiz Group filed timely objections to the recommendation and are entitled to de novo review on those issues they specifically object to.  28 U.S.C. § 636(b); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Having reviewed the pertinent portions of the record in this case, I conclude that

this action should be dismissed without prejudice, sua sponte, pursuant to the Prison Litigation Reform Act of 2000's (PLRA) exhaustion requirements.  Therefore, Magistrate Judge Watanabe's recommendation will not be accepted.

In their motion to dismiss, the Ortiz Group began by arguing that Taylor's entire case should be dismissed because he had failed to adequately plead exhaustion of administrative remedies.  However, the Ortiz Group specifically withdrew this argument in its reply brief.  (Defs.' Reply, Docket No. 48, at 6.)[1]  Therefore, Magistrate Judge Watanabe's recommendation did not discuss this issue, and simply noted its withdrawal.

Magistrate Judge Watanabe's treatment of this issue is certainly understandable.  In the vast majority of cases, when a party first raises and later withdraws an issue, it is neither necessary nor appropriate for a magistrate or judge to rule upon the issue's merits in spite of the withdrawal.  However, the PLRA's strict exhaustion requirement represents an exception from the norm.  Due to the strength of the language employed by Congress in this realm, Tenth Circuit precedent indicates that the PLRA's exhaustion requirement is unwaivable, *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir. 2003), must be adequately pled in the complaint, *id.* at 1210, and must even be enforced by a court sua sponte, *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1238 (10th Cir. 2005).

When, as here, a prisoner does not attach copies of the relevant administrative

---

[1] In light of this unmistakable withdrawal, it seems disingenuous for the Ortiz Group to later complain that "the Recommendation . . . failed to address [its exhaustion argument].  (Defs.' Objections, Docket No. 68, at 10-11.)

dispositions to his complaint, he is required to "describe with specificity the administrative proceeding and its outcome." *Steele*, 355 F.3d at 1210. Taylor clearly did not meet this burden. His Complaint merely stated that "Plaintiff dutifully utilized the CDOC Grievance process," and explained that he had not yet received a response from his step III grievance even though the response was past-due. However, Taylor did not explain what issues he raised in his administrative grievances, what relief he sought, or who he claimed was responsible. Without this information, I cannot judge whether Taylor has complied with the Tenth Circuit's total exhaustion rule. *See Ross v. County of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004).[2] Therefore, I find that Taylor has failed to describe his administrative grievances with specificity, and his complaint should be dismissed in its entirety without prejudice. *Id.*

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Watanabe, issued March 1, 2006 (Docket No. 60), is rejected.

2. This case is dismissed in its entirety without prejudice.

---

[2] I note that in his response to the Ortiz Group's motion to dismiss, Taylor attached a copy of the response to his step III grievance. (Ex. R to Pl.'s Response, Docket No. 42.) As an initial matter, since exhaustion is a pleading requirement, additional facts contained in a response brief need not be considered. However, even were it considered, the step III response still does not add sufficient information about Taylor's administrative grievances to allow me to judge whether he has administratively exhausted all of his claims.

Moreover, even if I concluded that Taylor had met the specificity requirement, dismissal without prejudice would still be appropriate because there is no indication that Taylor's administrative complaints ever raised his Fourth Claim — that the failure to provide meaningful appeal violated his due process and equal protection rights. *See Simmat*, 413 F.3d at 1237 (dismissing because the plaintiff "provides no evidence that he pursued the relief he now seeks through available administrative channels.").

3. All motions currently pending in this case are denied as moot.

DATED at Denver, Colorado, on August 9, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge