IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00574-WDM-MJW

JAMES A. TAYLOR,

    Plaintiff,

v.

JOE ORTIZ, et al.,

    Defendants.

---

**ORDER**

---

Miller, J.

    This matter is before me on two motions from Plaintiff James A. Taylor (Taylor): (1) motion to alter or amend, filed August 25, 2006, and (2) motion for status report, filed January 26, 2007. For the reasons discussed below, both of these motions will be granted in part.

    On March 1, 2006, Magistrate Judge Michael J. Watanabe issued a recommendation on the merits of three motions then pending in this case: (1) Taylor's motion for a preliminary injunction, filed March 29, 2005; (2) Defendant Tony DeCesaro's motion for summary judgment or in the alternative motion to dismiss, filed May 25, 2005; and (3) a motion to dismiss from defendants Joseph Ortiz, Barry Pardus, Chris Petrozzi, Don Lawson, Al Estep, Anita Bloor, Gary Watkins, John Suthers, John Blood, and Joseph McGarry (collectively the Ortiz Group), filed June 27, 2005. Then, on August 10, 2006, I concluded that Taylor's case should be dismissed in its entirety,

sua sponte, pursuant to the Prison Litigation Reform Act of 2000's (PLRA) exhaustion requirements. I therefore did not reach the merits of Magistrate Judge Watanabe's recommendation.

On January 22, 2007, however, the United States Supreme Court abrogated the Tenth Circuit precedent that my August 10th order had relied upon. *See Jones v. Bock*, Nos. 05-7058, 05-7142, 2007 WL 135890 (U.S., Jan. 22, 2007). Specifically, the Supreme Court held that the PLRA does not make exhaustion of administrative remedies a pleading requirement, *id.* at *11, and does not support the imposition of a total exhaustion rule. *Id.* at *15. In light of this recent change in controlling caselaw, I conclude that Taylor's timely motion to alter or amend should be granted as provided below.

Accordingly, it is ordered:

1. Plaintiff's motion to alter or amend, filed August 25, 2006 (Docket No. 87), is granted as provided herein.

2. Plaintiff's motion for status report, construed as a motion for reconsideration (Docket No. 88), is granted as provided herein.

3. My order of August 10, 2006 (Docket No. 86), is vacated.

4. The recommendation of Magistrate Judge Watanabe, issued March 1, 2006 (Docket No. 60), is reinstated.

5. Plaintiff's motion for a preliminary injunction, filed March 29, 2005 (Docket No. 3), is reinstated.

6. Defendant Tony DeCesaro's motion for summary judgment or in the alternative

2

motion to dismiss, filed May 25, 2005 (Docket No. 13), is reinstated.

7. The motion to dismiss from defendants Joseph Ortiz, Barry Pardus, Chris Petrozzi, Don Lawson, Al Estep, Anita Bloor, Gary Watkins, John Suthers, John Bloor, and Joseph McGarry, filed June 27, 2005 (Docket No. 29), is reinstated.

8. The renewed motion to dismiss from defendants Joseph Ortiz, Barry Pardus, Chris Petrozzi, Don Lawson, Al Estep, Anita Bloor, Gary Watkins, John Suthers, John Bloor, and Joseph McGarry, filed June 27, 2005 (Docket No. 69), is reinstated.

9. Plaintiff's motion for a preliminary injunction, filed May 10, 2006 (Docket No. 83), is reinstated.

DATED at Denver, Colorado, on February 1, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge