IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   05-cv-00574-WDM-MJW

JAMES A. TAYLOR,

       Plaintiff,

v.

JOE ORTIZ, CDOC Current Executive Director, et al.,

       Defendants.

---

## ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE

---

Miller, J.

       This case is before me on the recommendations of Magistrate Judge Michael J.

Watanabe (docs no 60 and 93). These recommendations addressed Plaintiff's Motion for

Preliminary Injunction (doc no 3); the Motion to Dismiss (doc no 29) and Renewed Motion

to Dismiss (doc no 69) filed by Defendants Joseph Ortiz, Barry Pardus, Chris Petrozzi, Don

Lawson, Al Estep, Anita Bloor, Gary Watkins, John Suthers, John Bloor, and Joseph

McGarry (collectively, the "Ortiz Group"); Defendant Tony De Cesaro's Motion to Dismiss

or in the Alternative for Summary Judgment (doc no 13); and Plaintiff's refiled Motion for

Preliminary Injunction (doc no 83).  I will also address Plaintiff's Motion to Strike as Void

Magistrate's Second Recommendation (doc no 98) and Motion for District Judge to Take

Judicial Notice (doc no 99). Plaintiff filed objections to the recommendations and therefore

is entitled to *de novo* review. 28 U.S.C. § 636(b). For the reasons set forth below, I accept

the recommendations in part.

I have reviewed the pertinent portions of the record in this case, including the complaint, the motions for preliminary injunction, the motions to dismiss, the parties' responses, supplemental briefing, the recommendations, and the parties' objections and responses to the opposing parties' objections.

The procedural history of this case is somewhat complex. Plaintiff filed a *pro se* prisoner complaint pursuant to 42 U.S.C. § 1983 on March 29, 2005, alleging that Defendants had violated his constitutional rights by refusing to treat his Hepatitis C because of his age. At the same time, he filed a motion for preliminary injunction.

The allegations in Plaintiff's complaint are recited in detail in Magistrate Watanabe's two recommendations and I will not repeat them extensively here. In general, however, Plaintiff alleges he was diagnosed with Hepatitis C in 1997 when he was 66 years of age. He was denied the only treatment currently available (an antiviral therapy consisting of combination interferon drugs) because of his age, as under the current protocol candidates for treatment must be under 65 with a life expectancy of 20 years. He was given medication for some symptoms caused by the Hepatitis C, but claims that most other symptoms remained untreated. In addition, blood samples were taken twice yearly to monitor his condition. However, the treatment protocol also identifies patients with the "highest risk" for developing liver cancer or end-stage liver disease as those with Hepatitis C and another liver disease. Plaintiff also has cirrhosis, which may have been diagnosed as early as 2001, and is in this high-risk category. The protocol is arguably ambiguous, as it states in part that high-risk patients should be treated with the antiviral interferon therapy, while also listing factors that disqualify candidates for the treatment (including

2

age). Plaintiff seeks damages and injunction requiring immediate medical treatment for his Hepatitis C, asserting claims of violations of his Eighth Amendment right to adequate medical care, due process, and equal protection.

After the filing of the Defendants' initial motions (docs no 13 and 29), Magistrate Judge Watanabe issued a recommendation (doc no 60) on March 1, 2006. He recommended that Plaintiff's motion for preliminary injunction be denied without prejudice because of Plaintiff's failure to give notice to Defendants. He further recommended that Defendant DeCesaro's motion for summary judgment be granted on the grounds that DeCesaro did not have authority to compel action and therefore had insufficient personal participation to be liable for Plaintiff's alleged injuries. Magistrate Judge Watanabe also determined that the statute of limitations barred any claims against the Ortiz Group Defendants based on conduct occurring before March 22, 2003. Finally, Magistrate Judge Watanabe recommended that the Ortiz Group Defendants' invocation of qualified immunity be denied without prejudice because the briefing on the motion to dismiss was incomplete. Plaintiff and the Ortiz Group Defendants all filed objections to the recommendation. In addition, the Ortiz Group Defendants filed a "renewed" motion to dismiss (doc no 69), which supplemented to the initial motion to dismiss, fully analyzing the requisite elements of qualified immunity.

In an order dated August 10, 2006, I rejected the recommendation, finding instead that the action should be dismissed without prejudice for failure to exhaust administrative remedies and that all motions were denied as moot (doc no 86). However, after the United States Supreme Court abrogated the Tenth Circuit precedent upon which my order relied,

3

I vacated the August 10, 2006 order and reinstated the motions on February 1, 2007 (doc no 90).  Thereafter, Magistrate Judge Watanabe issued a second recommendation (doc no 93), in which he addressed the Ortiz Group Defendants' renewed motion to dismiss and Plaintiff's refiled motion for preliminary injunction.

In the second recommendation (doc no 93), dated July 3, 2007, Magistrate Judge Watanabe determined that Plaintiff's allegations did not show that Defendants' conduct had violated a constitutional right. He recommended that Plaintiff's claim under the Eighth Amendment be denied because his allegations amounted to no more than a disagreement with medical and correctional authorities over the treatment of his Hepatitis C, and did not show that Defendants were deliberately indifferent to his serious medical condition.  In addition, guidelines and policies concerning treatment of inmates with Hepatitis C, which could be construed to permit treatment for Plaintiff, did not confer a constitutional right. Finally, Magistrate Judge Watanabe apparently recommended dismissal of Plaintiff's equal protection claim on the grounds that Plaintiff had failed to show that others similarly situated had been treated differently. Because Plaintiff could not recover on his underlying claims, Magistrate Judge Watanabe recommended that Plaintiff's motion for preliminary injunction be denied.

1.     March 1, 2006 Recommendation

I will address at the outset Magistrate Judge Watanabe's initial recommendation. First, I agree with Magistrate Judge Watanabe that the first motion for preliminary injunction should be denied without prejudice for failure to give notice. Plaintiff has already refiled his motion for preliminary injunction (doc no 83) so the first motion is also moot.

4

Second, I agree with the recommendation that Defendant DeCesaro be dismissed from this action as he does not have the requisite participation or authority to be liable for Plaintiff's claims. Plaintiff's objections do not demonstrate that Defendant DeCesaro developed the protocol at issue or has the authority to make decisions regarding Plaintiff's medical treatment. Accordingly, Plaintiff has not shown an "affirmative link" between Defendant DeCesaro's actions and Plaintiff's alleged injuries.

Turning to the statute of limitations, it is undisputed that a two-year statute of limitations applies here and that Plaintiff's complaint was mailed on March 22, 2005. Plaintiff, in his response to the motion to dismiss, asserted that his claims should not be considered to have accrued until April or May 2003 because that is when he learned about the protocol and about his inclusion in the "highest risk" category of persons with his condition. I agree that this is when Plaintiff's claims accrued; accordingly, his complaint is timely filed. However, I disagree with Magistrate Watanabe and the Ortiz Group Defendants that no conduct occurring before March 22, 2003 can form the basis of liability. Until Plaintiff had reason to know that he was allegedly suffering serious harm from Defendants' failure to treat his Hepatitis C in combination with his cirrhosis, he could not have known he had a cause of action. *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006) (section 1983 claims accrue, for the purposes of the statute of limitations, "when the plaintiff knows or has reason to know of the injury which is the basis of his action"). In addition, Plaintiff contends that some of the defendants may have concealed his condition or their knowledge of his cirrhosis. Accordingly, analysis of each individual's alleged act or omission, and when Plaintiff would have had reason to know of the harm caused by the

5

conduct, will be required before a determination can be made as to the applicable statute of limitations. There appear to be issues of fact in this regard. Accordingly, I do not accept Magistrate Judge Watanabe's recommendation that all claims based on conduct occurring before March 22, 2003 are barred.

Finally, I accept Magistrate Judge Watanabe's recommendation that the Ortiz Group Defendants' motion be denied without prejudice to the extent that it relies on the doctrine of qualified immunity. The Ortiz Group Defendants renewed this portion of their motion and provided supplemental briefing, which I address below.

2.     July 3, 2007 Recommendation

In the second recommendation, Magistrate Judge Watanabe recommended that Plaintiff's refiled motion for preliminary injunction be denied, apparently because Plaintiff does not have a substantial likelihood of prevailing on the merits. In addition, Magistrate Judge Watanabe concluded that Plaintiff's allegations do not show that the Ortiz Group Defendants' conduct violated Plaintiff's constitutional rights. Although these defendants only sought to dismiss Plaintiff's Eighth Amendment claim, Magistrate Judge Watanabe also appears to dismiss Plaintiff's due process and equal protection claims.

I agree with Magistrate Judge Watanabe that Plaintiff's Eighth Amendment claim should be dismissed. Defendants assert that they are entitled to qualified immunity on this claim. "In an action under section 1983, individual defendants are entitled to qualified immunity unless it is demonstrated that their alleged conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known." *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1251 (10th Cir. 1999). Once a

defendant has raised qualified immunity as an affirmative defense, the plaintiff bears the heavy two-part burden of demonstrating that (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established at the time of the alleged conduct. *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004).

Construing Plaintiff's allegations in the light most favorable to him, I agree that Plaintiff has not stated a claim for a violation of his rights under the Eighth Amendment. It is well established that prison officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted). However, a claim based on "an inadvertent failure to provide adequate medical care" or alleging "that a physician has been negligent in diagnosing or treating a medical condition" does not state a valid claim of medical mistreatment under the Eighth Amendment. *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006) (citations omitted). "Rather, 'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle*, 429 U.S. at 106).

To demonstrate an Eighth Amendment violation, an inmate must satisfy both objective and subjective elements. The objective component is met if the deprivation is "sufficiently serious," i.e., one that "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir .1999)). Delay in providing medical

7

care can also support an Eighth Amendment claim, if the plaintiff can show that the delay resulted in substantial harm. *Id.* at 1276. That substantial harm can be the ultimate physical injury caused by the prisoner's illness or condition or an intermediate injury, such as the pain experienced while waiting for treatment. *Kikumura*, 461 F.3d at 1292.

The subjective component of the deliberate indifference test is met if the defendant "knows of and disregards an excessive risk to inmate health or safety." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "Deliberate indifference" does not require a showing of express intent to harm, rather, it is enough that the official acted or failed to act despite his or her knowledge of a substantial risk of serious harm. *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005) (citations omitted). *Self* sets forth typical fact situations demonstrating "obviousness in the circumstances of a missed diagnosis or delayed referral," including "(1) a medical professional recognizes an inability to treat the patient due to the seriousness of the condition and his corresponding lack of expertise but nevertheless declines or unnecessarily delays referral, e.g., a family doctor knows that the patient needs delicate hand surgery requiring a specialist but instead of issuing the referral performs the operation himself; (2) a medical professional fails to treat a medical condition so obvious that even a layman would recognize the condition, e.g., a gangrenous hand or a serious laceration; and (3) a medical professional completely denies care although presented with recognizable symptoms which potentially create a medical emergency, e.g., a patient complains of chest pains and the prison official, knowing that medical protocol requires referral or minimal diagnostic testing to confirm the symptoms, sends the inmate back to his cell." 439 F.3d at 1242 (punctuation and citations omitted).

8

Under these authorities, and in light of the allegations contained in Plaintiff's complaint and attached exhibits, I conclude that Plaintiff cannot establish that the failure to give him antiviral interferon treatment for his Hepatitis C amounts to deliberate indifference. First, it is clear that Plaintiff is receiving treatment for his conditions, even if it is not at a level that he desires. He is being monitored and his symptoms are addressed to some extent. Second, the protocol makes clear that antiviral treatment is not necessarily a cure; in fact, it states that "it must be noted that evidence-based medicine support for the efficacy of this treatment approach is lacking." Exhibit B at 3. In addition, while Plaintiff has alleged that having two conditions (cirrhosis and Hepatitis C) puts him at a greater risk of end stage liver disease and liver cancer, which could qualify as a sufficiently serious condition, the decision not to treat him is not a deliberate and reckless disregard of a substantial risk to his safety. The protocol makes clear that treatment decisions are based on two general factors: (1) the patient's risk of developing these more serious conditions; and (2) the patient's probable adverse reaction to medication or unsustained viral response. Exhibit B at 3. As discussed, success is not guaranteed and many categories of patients are ineligible for treatment because of drug use, previous illness, age, immune disorders, or decompensated liver disease. Exhibt B at 8-9. Plaintiff believes that this treatment would be effective for him; the medical providers do not. Under controlling Tenth Circuit law, this disagreement over the best course of treatment does not amount to deliberate indifference. *See Perkins v. Kansas Department of Corrections,* 165 F.3d 803, 811 (10th Cir. 1999) (disagreement about treating plaintiff's HIV with protease inhibitor was not deliberate indifference); *Bartlett v. Correctional Medical Services, Inc.,*

124 F.3d 216, 1997 WL 572834 (10th Cir. 1997) (complaint alleging failure to treat plaintiff's Hepatitis C with interferon Alpha showed only difference of opinion over medical treatment, not deliberate indifference).

Even if Plaintiff could establish deliberate indifference, I conclude that these and other cases demonstrate that the right to receive an antiviral therapy with an undetermined probability of success is not clearly established. Accordingly, Defendants are entitled to qualified immunity on Plaintiff's Eighth Amendment claim.

Plaintiff in his objections asserts that he should be eligible for treatment under the protocol; I address this issue below. In addition, Plaintiff contends that the issue is not a mere disagreement over the best treatment because the defendants have failed to provide him any treatment for his condition. Again, however, the disagreement is about the appropriateness of giving Plaintiff this particular treatment, and I cannot conclude in these circumstances that the medically considered decision not to do so could amount to a constitutional violation.

However, I disagree with Magistrate Judge Watanabe that Plaintiff's other claims should be dismissed. In his recommendation, Magistrate Judge Watanabe concluded that the policies and guidelines concerning treatment of inmates with hepatitis do not confer a constitutional right and that Plaintiff has not shown that others similarly situated have been treated differently. As an initial matter, Defendants did not seek dismissal of these claims and the issues have not been briefed. In addition, Plaintiff has clearly stated a claim for violation of his equal protection rights. The policy governing who will be eligible for antiviral treatment appears to discriminate on its face on the basis of age. Accordingly,

10

dismissal of this claim is not appropriate. Moreover, I disagree that Plaintiff has no cause of action with regard to whether he is entitled to treatment under the protocol or whether some of the defendants have unreasonably interpreted the policy. Again, construing his allegations liberally and drawing all reasonable inferences in favor of Plaintiff, the protocol is arguably ambiguous in that in one section it appears to preclude treatment for individuals over 65 but in another section it provides that treatment "will" be provided to individuals with Hepatitis C and another liver disease, such as cirrhosis. Magistrate Judge Watanabe cites *Bartlett* for the proposition that the policies do not confer a constitutional right; however, in *Bartlett*, no policies had yet been developed for treatment of Hepatitis C with antiviral therapies and the plaintiff claimed constitutional error from the failure to do so. Here, in contrast, there is a policy which could plausibly (at least at this stage and under the standards governing a motion to dismiss) include Plaintiff in the class of inmates eligible for treatment. In the absence of a motion or any briefing on this issue, I decline to dismiss Plaintiff's remaining claims.

Because two of Plaintiff's claims are still pending, I must examine his motion for a preliminary injunction. A temporary restraining order or preliminary injunction is an extraordinary remedy, and the right to relief must be clear and unequivocal. *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991). The decision to grant injunctive relief is a matter of discretion. *Id.*

In the common law of the Tenth Circuit, the moving party seeking to obtain preliminary injunctive relief must establish: (1) a substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury

11

unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest. *Id.* In cases where the movant has prevailed on the other factors, the Tenth Circuit uses a liberal definition of "probability of success": the plaintiff need only raise "questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980) (internal quotations omitted).

However, the following types of preliminary injunctions are disfavored and require that the movant satisfy an even heavier burden: (1) a preliminary injunction that disturbs the status quo; (2) a preliminary injunction that is mandatory as opposed to prohibitory; and (3) a preliminary injunction that affords the movant substantially all the relief they may recover at the conclusion of a full trial on the merits. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (citing *SCFC ILC*, 936 F.2d at 1098-99). These situations "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* Moreover, "a party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms, and may not rely on [the Tenth Circuit's] modified-likelihood-of-success-on-the-merits standard." *Id.* at 976.

Plaintiff is seeking a mandatory injunction that disturbs the status quo and would give him substantially all the relief he would receive upon a trial on the merits; accordingly,

12

he has a significant burden. In his motion, Plaintiff does not address any of the elements required to show his entitlement to a preliminary injunction, except possibly the harm factor. He recites his current symptoms and discomfort and concerns about his elevated risk for more serious liver diseases. I do not discount these allegations and am sympathetic to Plaintiff's desire for immediate action. However, under the governing standards, a preliminary injunction is not appropriate at this stage. Applying the first factor, my review of the Hepatitis C protocol and Plaintiff's complaint does not reveal a strong likelihood of success on the merits. Given Plaintiff's advanced age and the numerous factors affecting the appropriateness of the antiviral therapy, it appears unlikely that the Plaintiff will be able to demonstrate that the protocol and its implementation violate his constitutional rights. In addition, although Plaintiff is experiencing discomfort and has an elevated risk of developing more serious liver diseases, the uncertainty of the proposed treatment and his probable unsuitability for it weigh against finding that a failure to act will result in irreparable harm or that the threatened injury outweighs the harm from disturbing the status quo. As to the fourth factor, I am not persuaded that substituting my judgment for that of the informed medical personnel is in the public interest. Accordingly, I will deny Plaintiff's motion without prejudice to him seeking a preliminary injunction on some other basis or obtaining injunctive relief as an ultimate remedy.

3.      Plaintiff's Motion to Strike as Void Magistrate's Second Recommendation (doc no 98) and Motion for District Judge to Take Judicial Notice (doc no 99)

Plaintiff seeks to strike Magistrate Judge Watanabe's July 3, 2007 recommendation on the grounds that the first recommendation had been reinstated but not yet accepted or

13

rejected. Although the procedural posture of this case is somewhat unusual, a magistrate judge is not limited to issuing one recommendation at a time and Magistrate Judge Watanabe was not divested of jurisdiction to consider the motions addressed in the July 3, 2007 recommendation. Accordingly, Plaintiff's motion to strike will be denied. In addition, Plaintiff filed a motion seeking to bring my attention to the fact that the previous motions had been reinstated. As shown in this order, I have reviewed the reinstated motions and the recommendations *de novo*. Plaintiff's motion will be denied as moot.

Accordingly, it is ordered:

1.    The recommendations of Magistrate Judge Michael J. Watanabe (docs no 60 and 93) are accepted in part.

2.    Plaintiff's first Motion for Preliminary Injunction (doc no 3) is denied as moot.

3.    The Motion to Dismiss (doc no 29) filed by Defendants Joseph Ortiz, Barry Pardus, Chris Petrozzi, Don Lawson, Al Estep, Anita Bloor, Gary Watkins, John Suthers, John Bloor, and Joseph McGarry is denied in part and denied in part without prejudice. The Renewed Motion to Dismiss (doc no 69) filed by the same defendants is granted. Plaintiff's Eighth Amendment claim against these defendants is dismissed with prejudice. Plaintiff's claims, to the extent they rely on conduct occurring before March 22, 2003, are not necessarily barred by the statute of limitations. Plaintiff's claims for violation of his due process and equal protection rights remain pending.

4.    Defendant Tony De Cesaro's Motion to Dismiss or in the Alternative for Summary Judgment (doc no 13) is granted. All claims against Tony De Cesaro are dismissed

14

with prejudice.

5.   Plaintiff's refiled Motion for Preliminary Injunction (doc no 83) is denied without

prejudice to him seeking a preliminary injunction on some other basis or obtaining

injunctive relief as an ultimate remedy.

6.   Plaintiff's Motion to Strike as Void Magistrate's Second Recommendation (doc no

98) is denied.

7.   Plaintiff's Motion for District Judge to Take Judicial Notice (doc no 99) is denied as

moot.

DATED at Denver, Colorado, on September 19, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge