FILED
United States Court of Appeals
Tenth Circuit

**April 22, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

JAMES A. TAYLOR,

　　　　Petitioner.

No. 09-1147
(D.C. No. 05-CV-574-PAB-MJW)
(D. Colo.)

---

**ORDER**

---

Before **TACHA**, **BRISCOE**, and **MURPHY**, Circuit Judges.

---

James A. Taylor seeks a writ of mandamus ordering the district court to adopt his reading of the amended scheduling order in his pending civil rights action. He contends that the district court clearly abused its discretion in ruling that he may serve a *total* of twenty-five interrogatories and twenty-five production requests (rather than twenty-five interrogatories and twenty-five production requests on each defendant).

Mandamus is available to challenge discovery decisions. *See Schlagenhauf v. Holder*, 379 U.S. 104, 111-12 (1964); *Daimler-Benz Aktiengesellschaft v. U.S. Dist. Court*, 805 F.2d 340, 342 (10th Cir. 1986) (per curiam). But "[a] writ of mandamus to a trial court in matters relating to discovery should only issue under exceptional circumstances which amount to a clear abuse of discretion, an abdication of the judicial function, or the usurpation of judicial power."

*Paramount Film Distrib. Corp. v. Civic Ctr. Theatre*, 333 F.2d 358, 361 (10th Cir. 1964); *see also United States v. Carrigan*, 804 F.2d 599, 602 (10th Cir. 1986) ("Therefore, to grant the . . . petition in the case before us here, we must find either (1) that the district court acted wholly without jurisdiction, or (2) that the district court so clearly abused its discretion as to constitute usurpation of power."). While "a simple showing of error may suffice to obtain a reversal on direct appeal," such a showing will not support a writ of mandamus. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

Exercising its discretion, the district court chose one of two competing interpretations of the amended scheduling order. Mr. Taylor has not shown that the district court's ruling constitutes an abuse of discretion, much less such a clear abuse of discretion as to support mandamus relief. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.").

Mr. Taylor's motion to proceed in forma pauperis is GRANTED. The petition for a writ of mandamus is DENIED.

Entered for the Court,

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk