IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 05-cv-00574-PAB-MJW

JAMES A. TAYLOR,

    Plaintiff,

v.

JOE ORTIZ, CDOC Current Executive Director, et al.,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on defendants' motion for award of costs [Docket No. 197] pursuant to Federal Rule of Civil Procedure 54(d)(1). Rule 54 provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).[1] Rule 54(d)(1) creates "a presumption that the district court will award costs to the prevailing party." *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir. 1995). Therefore, only where a district court can provide a "valid reason" for not awarding costs to a prevailing party will such a decision be upheld. *Cantrell*, 69 F.3d at 459.[2] It is the non-prevailing party's burden to establish that a valid reason exists for a

---

[1] Prior to the December 1, 2007 amendments to the Federal Rules of Civil Procedure, Rule 54(d)(1) provided that costs "*shall* be allowed" (emphasis added). The change in language was "intended to be stylistic only." Advisory Committee Notes on 2007 Amendments to Fed. R. Civ. P. 54.

[2] According to the Tenth Circuit Court of Appeals, some of the valid reasons for which a district court may deny costs to a prevailing party include: where a party was only partially successful; where prevailing parties were obstructive and acted in bad

denial of costs. See *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). In this case, plaintiff has not filed any response to defendants' motion. Therefore, defendants are entitled to receive their costs pursuant to Federal Rule of Civil Procedure 54(d)(1), and it is

**ORDERED** that defendants' motion for award of costs [Docket No. 197] is GRANTED. Defendants may have their costs upon compliance with Local Rule 54.1.

DATED August 16, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

faith during the course of the litigation; where the damages awarded were nominal or recovery is otherwise insignificant; where the non-prevailing party was indigent; where the costs are unreasonably high or unnecessary; or where the issues are close and difficult. *Cantrell*, 69 F.3d at 459.